**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

———————

In re:

LORACA INTERNATIONAL, INC.,
LEXUS COMPANIES, INC.,
CALUMET SECURITIES,
HOMELOAN.COM, INC.,

      Debtor,

HOMELOAN.COM, INC.,

        Plaintiff,

v.                                                                No. MC-03-0009 BB

WILLIAM LOUGHBOROUGH and
PHILIP R. DOEPFNER,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court for consideration of Defendant Phillip R. Doepfner's

Objections to Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law and

Additional Evidence, filed April 3, 2003.  The Court has reviewed the submissions of the parties

and the relevant law, and, for the reasons set forth below, finds that Defendant's objections will

be DENIED.  Accordingly, the Court adopts the Bankruptcy Court's Proposed Findings of Fact

and Conclusions of Law.

**I.  BACKGROUND**

      On April 24, 2002, Plaintiff HomeLoan.com, Inc. ("HomeLoan") initiated a voluntary

bankruptcy case under Chapter 11 of the United States Bankruptcy Code, *see* 11 U.S.C. § 101 et

seq., in the United States Bankruptcy Court for the District of New Mexico.  *See In re Loraca International, Inc. et al*., No. 11-02-12925 (filed April 24, 2002).  As part of the bankruptcy case, HomeLoan filed an adversary proceeding against Defendants William Loughborough ("Loughborough") and Phillip R. Doepfner ("Doepfner") arising from their previous roles as officer and director, and attorney for Plaintiff HomeLoan respectively.  *See HomeLoan.com, Inc. v. Loughborough*, Adv. No. 02-1244 (filed Sept. 18, 2002).  The Complaint in the adversary proceeding contained four counts: (1) a request to avoid a preferential transfer in the bankruptcy proceeding to Defendant Loughborough; (2) breach of fiduciary duties; (3) prima facie tort; and (4) malpractice by Defendant Doepfner.  Subsequently, Defendant Doepfner filed a Motion to Dismiss Due to Plaintiff's Lack of Capacity to Sue, Failure to State a Claim Upon Which Relief Can be Granted and for Lack of Jurisdiction and Alternative Motion for Abstention and Notice of Motion (filed Oct. 21, 2002), in which he sought dismissal of the adversary proceeding, or alternatively, abstention by the federal courts.  Defendant Loughborough joined in this motion.

After reviewing the law and the submissions of the parties, the bankruptcy court issued its Proposed Findings of Fact and Conclusions of Law (filed March 31, 2003) in which, pursuant to Federal Bankruptcy Rule 9033, it recommended that this Court:

> (1)  Declare that the Bankruptcy Court has jurisdiction over the adversary proceeding, and find that Count 1 is a core proceeding, and that Counts 2, 3, and 4 are non-core "related to" proceedings.
> (2)  Deny Defendants' Motion to Dismiss for lack of capacity.
> (3)  Deny Defendants' Motion to Dismiss for Failure to State a Claim as to Counts 1 and 2.
> (4)  Grant Defendants' Motion to Dismiss for Failure to State a Claim as to Counts 3 and 4.
> (5)  Deny Defendants' Motion to Abstain.

Proposed Findings of Fact and Conclusions of Law, at 23.

On April 8, 2003, Defendant Doepfner filed his Objections to Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law and Additional Evidence.  Defendant Doepfner's lone objection to the Proposed Findings of Fact and Conclusions of Law is to the Bankruptcy Court's refusal to abstain from hearing Count II of HomeLoan's Complaint under 28 U.S.C. § 1334(c)(1).  He urges this Court to reject the Bankruptcy Court's finding, and exercise discretionary abstention in this matter.  For the reasons discussed in more detail below, however, this Court will not abstain from hearing Plaintiff's Complaint.  Defendant Doepfner's objections are denied, and the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law are adopted.

## II.  DISCUSSION

### A.      Standard of Review

The standard of review in bankruptcy proceedings is governed by 28 U.S.C. § 157(c)(1) and Federal Bankruptcy Rule 9033.  Rule 9033 states in relevant part:

> The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

Fed. Bank. R. 9033(d); *see also* 28 U.S.C. § 157(c)(1) ("the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely

3

and specifically objected"). Thus, the Court applies a de novo standard of review to Defendant

Doepfner's objections to the Proposed Findings of Fact and Conclusions of Law.

Defendant Doepfner's objections concern the Bankruptcy Court's findings on abstention.

These findings were specific to Count II of the Complaint, *see* Proposed Findings of Fact and

Conclusions of Law at 21, and Defendant Doepfner's objections are apparently also directed

exclusively to Count II. *See* Objections to Bankruptcy Court's Proposed Findings of Fact and

Conclusions of Law and Additional Evidence at 4-5. For this reason, the Court confines its de

novo review to the Bankruptcy Court's findings regarding discretionary abstention for Count II.

The remainder of the Proposed Findings of Fact and Conclusions of Law have been reviewed by

this Court, and are hereby adopted. *See* 28 U.S.C. § 157(c)(1); Fed. Bank. R. 9033(d).

**B. Discretionary abstention is not warranted.**

Defendant Doepfner's sole argument is that the Court should exercise its discretion to

abstain pursuant to Section 1334(c)(1).[1]  Section 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest
> of comity with State courts or respect for State law, from abstaining from hearing a
> particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

Section 1334(c)(1) is informed by "principles developed under the judicial abstention

doctrines." *In re Pan American Corp.*, 950 F.2d 839, 846 (2d Cir. 1991); *see also Thompson v.*

*Magnolia Petroleum Co.*, 309 U.S. 478 (1940) (control of case may "lead the bankruptcy court to

---

[1]Defendant Doepfner does not object to the Bankruptcy Court's finding regarding
mandatory abstention under Section 1334(c)(2). *See, e.g.,* Defendant's Reply to Debtor's
Response to Objections to Bankruptcy Court's Proposed Findings of Fact and Conclusions of
Law and Additional Evidence, at 1-2 (filed April 30, 2003).

consent to submission to state courts of particular controversies involving unsettled questions of state . . . law and arising in the course of bankruptcy administration"); *In re Kaleidoscope, Inc.*, 25 B.R. 729, 742 (N.D. Ga. 1982) ("It is now a settled rule that bankruptcy abstention is required only if resolution of the state law question will involve the bankruptcy court in matters of substantial public import . . . and only if there exists no state court precedent"). Abstention principles provide that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). As a result, abstention is "an extraordinary and narrow exception." *Id.* at 813 (citation omitted). Moreover, the various abstention doctrines share a common complex of considerations which include comity and federalism, judicial economy, and efficiency. *See id.* at 814-19.

The Court finds that the criteria for permissive abstention under Section 1334(c)(1) are not present in this case. No interest of justice will be served by dismissing this case and forcing plaintiffs to re-file in state court. Nor does the doctrine of comity require abstention. There is no parallel state action and the complaint is based on issues of law that are neither novel, complex nor unsettled.

Courts have previously identified twelve factors relevant in the consideration of discretionary abstention:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing

5

state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re Republic Reader's Service, Inc.*, 81 B.R. 422, 428-29 (Bank. S.D. Tex. 1987).  "Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative."  *In re Chicago, Milwaukee, St. Paul, & Pac. R.R.*, 6 F.3d 1184, 1189 (7th Cir. 1993).  In the present matter, the balance of these factors weighs against abstention.  The considerations in this regard are as follows.

The most significant factor that weighs in favor of abstention is that state law predominates.  Because section 1334(c)(1) is concerned with comity and respect for state law, whether a case involves unsettled issues of state law is significant. *See Thompson*, 309 U.S. at 483; *Pan Am.*, 950 F.2d at 846; *see also In re L & S Indus., Inc.*, 989 F.2d 929, 935 (7th Cir. 1993) ("Under bankruptcy law the presence of a state law issue is not enough to warrant permissive abstention, but it nevertheless is a significant consideration."); H.R.Rep. No. 595, 95th Cong., 1st Sess. 51 (1977), reprinted in, 1978 U.S.C.C.A.N. 5963, 6012.  If a state law issue is not unsettled, however, or if there is state authority directly on point, then the bankruptcy court is qualified to resolve the issue, and there is no need to refer it to a state court.  *In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 654 F.2d 1218, 1221- 22 (7th Cir.1981).  In the present matter, the governing law is settled and unremarkable.  Because there is presently no parallel state proceeding, abstention would effectively amount to a dismissal, which would unnecessarily require HomeLoan to initiate new proceedings.  Moreover, this matter is related to the main

bankruptcy case, and there would be no significant impact on the Bankruptcy Court's docket if the case is retained.  Finally, contrary to Defendant Doepfner's contention, the potential settlement between HomeLoan and Defendant Loughborough does not significantly alter the considerations.  Therefore, after balancing the relevant factors, this Court sees no compelling reason to abstain.

### III.  CONCLUSION

For the reasons set forth above, the Court finds that Defendant's objections will be DENIED and the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law will be adopted in their entirety.

### IV.  ORDER

**IT IS ORDERED** that Defendant Doepfner's Objections to Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law and Additional Evidence be DENIED. Accordingly, the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law are hereby ADOPTED.  Finally, this matter is REMANDED to the Bankruptcy Court for further proceedings.

**DATED** at Albuquerque this 29th day of December, 2003.

_____
BRUCE D. BLACK
United States District Judge

**Attorneys:**

For Plaintiff:

       William F. Davis
       Davis & Pierce, P.C.
       201 Broadway SE
       P.O. Box 6
       Albuquerque, NM  87103-0006

For Defendant Doepfner:

       Phillip R. Doepfner
       9400 N. Central Expressway
       Suite 1200
       Dallas, TX  75231

For Defendant Loughborough:

       Douglas R. Vadnais
       Modrall, Sperling, Roehl, Harris, & Sisk, P.A.
       P.O. Box 2168
       Bank of America Centre, Suite 1000
       500 Fourth Street, N.W.
       Albuquerque, NM 87103-2168